UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IME WATCHDOG, INC.,

      Plaintiff,

v.                                Case No: 8:23-cv-1085-KKM-AEP

IME COMPANIONS, LLC, VITO
GELARDI, and SAFA ABDULRAHIM
GELARDI,

      Defendants.

_____

## ORDER

      IME Watchdog, Inc., sues IME Companions, LLC, Vito Gelardi, and Safa Abdulrahim Gelardi, alleging that the Defendants stole IME Watchdog's trade secrets and are attempting to avoid a potential money judgment in the U.S. District Court for the Eastern District of New York by selling real property located in the Middle District of Florida. Compl. (Doc. 1); Mot. Prelim. Inj. (Doc. 2). The Plaintiffs also move for a preliminary injunction prohibiting the sale of the real property located in the Middle District of Florida. *See* Mot. Prelim. Inj.

      Because IME Watchdog's complaint is a shotgun pleading, the complaint is stricken. IME Watchdog's motion for a preliminary injunction is denied without prejudice

because this Court "may issue a preliminary injunction only on notice to the adverse party," FED. R. CIV. P. 65(a)(1), which IME Watchdog has not yet provided. Even if IME Watchdog's motion were construed as one for a temporary restraining order not requiring notice, IME Watchdog's complaint does not allege a cause of action giving rise to the relief that it seeks in the motion

I.   **The Plaintiff's Complaint is a Shotgun Pleading**

If a complaint is a shotgun pleading, this Court, "acting on its own initiative," must strike the complaint and instruct counsel to replead the case. *Cramer v. State of Fla.*, 117 F.3d 1258, 1263 (11th Cir. 1997).*Weiland v. Palm Beach County Sheriff's Office* outlines four common types of shotgun pleadings: (1) a complaint that contains multiple counts where each count adopts the allegations of all preceding counts; (2) a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) a complaint that fails to separate into different counts each cause of action or claim for relief; and (4) a complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions or which of the defendants the claim is brought against. 792 F.3d 1313, 1321–23 (11th Cir. 2015).

Counts II and III of IME Watchdog's complaint adopt "the allegations of all preceding counts, causing" Counts II and III "to carry all that came before" and Count III

2

"to be a combination of the entire complaint." *Id.* at 1321; *see* Compl. ¶¶ 77, 99. Accordingly, IMG Watchdog's complaint, (Doc. 1), is **STRICKEN** as an impermissible shotgun pleading.

## II.   The Motion for a Preliminary Injunction is Denied Without Prejudice for Failure to Comport with Rule 65(a)

"In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction." *Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) (citing FED. R. CIV. P. 65(a)(1)). Although IME Watchdog requests that this Court rule on its motion for a preliminary injunction before May 19, 2023 (only two days from today when they filed the motion), IME does not claim that it will provide the Defendants with notice before May 19, 2023, or explain how the Defendants would have an opportunity to oppose the motion for a preliminary injunction. *See* Mot. Prelim. Inj. at 1. Additionally, IME Watchdog does not establish that it has provided notice to the putative purchaser of the property scheduled to be sold that it seeks to enjoin the sale. *See* Local Rule 6.02(b) (requiring the movant to "notify each affected party as soon as practical unless the movant

establishes by clear and convincing evidence an extraordinary circumstance not requiring notice").

### III.   If Construed as a Motion for a Temporary Restraining Order, the Motion is Denied Without Prejudice for Failure to Comport with Rule 65(b)

Alternatively, if the Court construed IME Watchdog's motion as one for a temporary restraining order instead of a preliminary injunction, the Court denies it without prejudice. IME Watchdog's motion analyzes the Florida Uniform Fraudulent Transfer Act (FUFTA), Fla. Stat. § 726.101, et. seq., and argues that FUFTA supports relief. But IME Watchdog did not bring a cause of action under that statute. *See generally* Compl. Instead, in Counts I and II, IME Watchdog repeats claims for which the Eastern District of New York already granted preliminary injunctive relief in the earlier-filed action. Compl. at ¶¶ 61–89; *IME Watchdog, Inc. v. Gelardi*, No. 22-cv-1032PKCJRC, 2022 WL 1525486 (E.D.N.Y. May 13, 2022) (Chen, J.), *reconsideration denied*, No. 22-cv-1032PKCJRC, 2022 WL 2316137 (E.D.N.Y. June 28, 2022); *see also* Compl. No. 1:22-cv-1032 (E.D.N.Y. Feb. 25, 2022) (Doc. 1). In Count III, IME Watchdog argues that it is entitled to a temporary restraining order and a preliminary injunction "enjoining the sale of" the Defendants' "Florida property." Compl. at ¶ 95. But IME Watchdog never cites FUFTA in Count III. *Id.* ¶¶ 90–95. Instead, IME Watchdog raises FUFTA for the first time in its motion, seeking an attachment or asset freeze of property located in the Middle District

4

of Florida, not a duplicative injunction related to trade secrets. *See* Mot. Prelim. Inj. at 6. But the analysis of a substantial likelihood of prevailing on the merits to grant a temporary restraining order must pertain to the claims alleged in the operative complaint. *See Gov't Emps. Ins. Co. v. Glassco, Inc.*, 58 F.4th 1338, 1344 (11th Cir. 2023) (holding that the claims contained in the complaint determine the subject matter of the litigation, and an appeal lies only when all the complaint's claims are resolved). As originally drafted, the complaint includes no claim arising under FUFTA, nor does the complaint cite the jurisdictional basis for a FUFTA claim.

      **ORDERED** in Tampa, Florida, on May 17, 2023.

Kathryn Kimball Mizelle
United States District Judge