UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IME WATCHDOG, INC.,

    Plaintiff,

v.                                        Case No: 8:23-cv-1085-KKM-AEP

VITO GELARDI, and SAFA
ABDULRAHIM GELARDI,

    Defendants.
_____

## ORDER

IME Watchdog, Inc., sues Vito Gelardi and Safa Abdulrahim Gelardi, alleging that the Defendants are attempting to fraudulently avoid a potential money judgment in the U.S. District Court for the Eastern District of New York by selling real property located in the Middle District of Florida. Am. Compl. (Doc. 9). IME Watchdog also moves for a temporary restraining order enjoining the Defendants from selling their real property. Mot. TRO (Doc. 10). Because IME Watchdog's amended complaint fails to allege a sufficient basis for this Court's subject-matter jurisdiction, this action is dismissed without prejudice.

I.   BACKGROUND

Yesterday morning, IME Watchdog filed a complaint in this Court, naming IME Companions, LLC, Vito Gelardi, and Safa Abdulrahim Gelardi as Defendants. Compl.

(Doc. 1). IME Watchdog alleged that the Defendants violated the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836, and were attempting to frustrate a potential money judgment that IME Watchdog anticipates securing from the U.S. District Court for the Eastern District of New York. Compl. ¶¶ 61–95. IME Watchdog moved for a preliminary injunction that would prohibit the Defendants from selling their real property located in the Middle District of Florida, so as not to dissipate potential assets that could later be used to satisfy the forthcoming judgment. Mot. Prelim. Inj. (Doc. 2). IME Watchdog requested that this Court preliminarily enjoin the sale before May 19, 2023, Mot. Prelim. Inj. at 1, despite filing this action on May 17, 2023. *See* Compl.

The motion for a preliminary injunction was denied without prejudice because the Defendants were not provided notice and—even if they could have been—lacked an adequate opportunity to respond to IMG Watchdog's motion in less than forty-eight hours. Order Den. Mot. Prelim. Inj. (Doc. 7) at 3 (citing *Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) ("In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction.")). The complaint was also stricken as an impermissible shotgun pleading. *See* Order Den. Mot. Prelim. Inj. Furthermore, this Court noted that the original complaint never alleged a basis to enjoin the sale of the Defendants' real property. *Id.* at 4–5 (citing Compl.). Although IMG Watchdog's motion

2

argued that the Florida Uniform Fraudulent Transfer Act, Fla. Stat. § 726.101, et. seq., authorized an injunction of the sale, see Mot. Prelim. Inj. at 6–10, the complaint never cited that authority or brought a claim under that statute. Compl. ¶¶ 90–95.

Today, IMG Watchdog submitted an amended complaint naming Vito Gelardi and Safa Abdulrahim Gelardi—but not IMG Companions—as Defendants. See Am. Compl. Unlike the original complaint, the amended complaint pleads only one claim under Florida's Uniform Fraudulent Transfer Act, Fla. Stat. § 726.106, et seq. Am. Compl. ¶¶ 62–76. IMG Watchdog alleges that "ancillary subject matter jurisdiction" exists under "28 U.S.C. § 1331 given that Plaintiff pursues claims under the DTSA, a federal law, against the Defendants in the Eastern District of New York" and seeks "to enjoin Defendants from selling real property in Florida to avoid enforcement of an inevitable judgment that will be entered in the United States District Court for the Eastern District of New York action." Id. ¶ 6. IMG Watchdog also moves for a temporary restraining order prohibiting the Defendants from selling their real property in Florida. See Mot. TRO.

II. ANALYSIS

A. The Plaintiff Fails to Allege Subject-Matter Jurisdiction

Because IME Watchdog references two separate bases for subject matter jurisdiction, the Court will address each.

### 1. The Plaintiff's Amended Complaint Does Not Raise a Federal Question

First, though IME Watchdog cites 28 U.S.C. § 1331, the amended complaint alleges no federal question. *See id.* ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (explaining that under the "longstanding interpretation of the current statutory scheme, the question of whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint'"). The well-pleaded complaint rule means that a federal question is "presented" when the complaint—on its face—invokes federal law as the basis for relief. The Supreme Court long ago declared that, "[b]y unimpeachable authority," a lawsuit "brought upon a state statute does not arise under an act of Congress or the Constitution of the United States." *Gully v. First Nat. Bank in Meridian*, 299 U.S. 109, 116 (1936).

Here, IME Watchdog's amended complaint includes only one claim under Florida law. It therefore fails to allege a claim under "the Constitution, laws, or treaties of the United States," as required under § 1331.

### 2. The Plaintiff's Complaint Fails to Adequately Allege Supplemental Jurisdiction

The amended complaint alleges that the court has "ancillary subject matter jurisdiction" because IME Watchdog "pursues claims under the DTSA, a federal law, against Defendants in the Eastern District of New York." Am. Compl. ¶ 6. But that is not how supplemental jurisdiction works.

28 U.S.C. § 1367 (not § 1331) governs supplemental jurisdiction. To exercise supplemental jurisdiction, § 1367 requires that the Court first have original jurisdiction:

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367. Supplemental jurisdiction allows district courts to entertain causes of action over which they would not have original jurisdiction only when those causes of action are "so related" to other claims "in the action" over which they have jurisdiction. *Id.* A court "has original jurisdiction over a 'civil action' within the meaning of § 1367(a)" "[i]f

5

the court has original jurisdiction over a single claim in the complaint." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005).

Here, as already explained, there is no claim in the amended complaint over which the Court has original jurisdiction. Without "original jurisdiction over the civil action," the Court cannot "turn to the question whether it has a constitutional and statutory basis for exercising supplemental jurisdiction over the other claims in the action." *Id.* That a district court in New York has original jurisdiction over claims before it in a separate action does not bestow supplemental jurisdiction on this Court over the state law claim in this action.

### B. Plaintiff May Pursue Other Remedies

Although this Court does not have subject-matter jurisdiction to resolve IMG Watchdog's claim under state law, IMG Watchdog can pursue other remedies. For example, IMG Watchdog could sue for relief in Florida court. Alternatively, because the U.S. District Court for the Eastern District of New York has jurisdiction *in personam* over Vito Gelardi and Safa Abdulrahim Gelardi, IMG Watchdog could seek an injunction from that court preventing the sale by Defendants of their real property. *See Fall v. Eastin*, 215 U.S. 1, 8 (1909); *Baker by Thomas v. Gen. Motors Corp.*, 522 U.S. 222, 235 (1998); *see also Robertson v. Howard*, 229 U.S. 254, 261 (1913). Indeed, it appears that might have

6

already occurred. *See* Order Granting TRO (Doc. 156), *IME WatchDog, Inc. v. Gelardi et al.*, No. 1:22-cv-1032-PKC-JRC, at 3 (E.D.N.Y. Mar. 10, 2023).

### III.   CONCLUSION

Because IMG Watchdog fails to adequately allege that this Court has subject-matter jurisdiction, *see* Am. Compl., this action is **DISMISSED without prejudice**. The Clerk is directed to enter **JUDGMENT** stating that this action is dismissed without prejudice for a lack of subject-matter jurisdiction. The Clerk is directed to terminate any pending motions and deadlines, and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on May 18, 2023.

Kathryn Kimball Mizelle
United States District Judge